# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ELRICK SLEUTH and
ERNEST SLEUTH and FANNIE SLEUTH,

        Plaintiffs,

vs.                                                             Civ. No. 00-749   JP/LCS - ACE

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On December 6, 2001, the Court issued an order (Doc. No. 68) to Elrick Sleuth, Ernest Sleuth, and Fannie Sleuth ("Plaintiffs") to show cause why "Plaintiffs case should not be dismissed with prejudice by reason of a willful failure or refusal to comply with the Federal Rules of Civil Procedure relating to discovery and the Order of the United States Magistrate Judge Leslie C. Smith compelling the Plaintiffs' cooperation in discovery." Doc. No. 68 at 1-2. The Court's order commanded Plaintiffs to defend their actions at a pre-trial conference that the Court had previously scheduled on December 14, 2001. Doc. No. 58. On August 29, 2001, the Court placed Plaintiffs on notice that the pre-trial conference was scheduled for December 14, 2001. Id. Plaintiffs did not appear at the pre-trial conference or otherwise attempt to communicate to the Court their position on the order to show cause.

Plaintiffs' failure to comply with the discovery process in this case has been well documented. Plaintiffs' counsel petitioned the Court to withdraw from the case (Doc. No. 43) on May 30, 2001, because Elrick Sleuth, the principle Plaintiff, refused to cooperate with counsel in

the litigation process.  Doc. No. 52 at 1;  *see*, *e.g.*, Doc. No. 18 (ordering Elrick Sleuth to provide a medical release to Defendant).  Although counsel had advised Elrick Sleuth that his non-cooperation would result in the termination of the attorney-client relationship, Elrick Sleuth's behavior did not improve.  To the contrary, the attorney-client relationship deteriorated.  Doc. No. 52 at 2.  Ultimately, the Court permitted Plaintiffs' counsel to withdraw from the case.  Doc. Nos. 53 & 60.  Thereafter, Plaintiffs appeared in the case pro se.

Plaintiffs' compliance with discovery requirements did not improve after their counsel withdrew.  Defendant repeatedly attempted to contact Elrick Sleuth by letter (no individual Plaintiff owns a telephone) to confirm his appearance for a deposition on September 12, 2001.  Doc. No. 63.  Yet, Elrick Sleuth never responded in any way, nor did he appear for his deposition.  Defendant then moved to compel Plaintiffs to appear for depositions, medical examinations, and the like.  Doc. No. 61.  Because Plaintiffs never responded to the motion, United States Magistrate Judge Leslie C. Smith treated the failure to reply as consent to the motion under D.N.M.LR-Civ. 7.5(b).  Doc. No. 66.

Further, Judge Smith notified Plaintiffs, in an order dated October 29, 2001, that their failure to appear for depositions and/or medical examinations may result in the dismissal of their case, and cited, for Plaintiffs' benefit, case law approving such action.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  Afterwards, Defendant rescheduled Elrick Sleuth's deposition on November 14, 2001.  Defendant sent Plaintiffs formal notice of the deposition, plus a written reminder asking Plaintiffs to inform Defendant whether they planned to attend.  Defendant duplicated her attempts to communicate with Plaintiffs in part because Plaintiffs failure to appear for an earlier deposition and medical examination cost

2

Defendant over $2,000. Doc. No. 63 at 2. But again, Plaintiffs failed to respond. Letter from Ms. Martinez, Ass. U.S. Att'y, to the Ct. of December 4, 2001.

The Court then ordered Plaintiffs to appear at the December 14, 2001, pre-trial conference prepared to show cause why the case should not be dismissed with prejudice. Doc. No. 68. Once again, Plaintiffs never responded in any fashion to the Court's order, nor did they appear at the pre-trial conference. At that conference, Defendant detailed the numerous attempts to communicate with Plaintiffs about the most basic discovery in the case, none of which were successful.

After hearing about Defendant's attempts to communicate with Plaintiffs, it became apparent to the Court that Plaintiffs had no intention of complying with the rules regarding discovery, or the orders of the Court requiring compliance with those rules. The Court then applied the *Ehrenhaus* factors to the facts of the case, and made the following factual findings.

*1)     Defendant has suffered substantial, actual prejudice.*

Counsel for Defendant informed the Court at the December 14, 2001, pre-trial conference that she cannot proceed with Defendant's statute of limitations defense without Plaintiffs' deposition testimony. Defendant also has incurred considerable expense attempting to secure Plaintiffs' depositions and medical examinations, expenses that Defendant would not have incurred had Plaintiffs communicated to Defendant that they would not participate in discovery. Because Defendant cannot pursue its defense while Plaintiffs intentionally thwart the discovery process, the Court found that Defendant is actually prejudice by having to continue to litigate the case in the absence of discovery, and by having incurred unnecessary, substantial expenses.

2) *Plaintiffs have interfered with the judicial process.*

Magistrate Judge Smith ordered Plaintiffs to comply with the discovery process. Doc. No. 66. Plaintiffs did not heed that order. Afterwards, this Court ordered Plaintiffs to appear and to explain why their case should not be dismissed with prejudice. Doc. No. 68. Again, Plaintiffs failed to respond in any fashion. As in *Ehrenhaus*, if Plaintiffs "can ignore court orders here without suffering the consequences, then the district court cannot administer orderly justice, and the result would be chaos." 965 F.2d at 921 (internal alterations omitted). At the pre-trial conference, the Court found that the judicial process had been hampered.

3) *Plaintiffs are individually culpable for the failure to provide discovery.*

On December 14, 2001, the Court found that Plaintiffs have failed to comply with Defendant's reasonable discovery requests. In particular, the Court found that Elrick Sleuth will not comply with discovery or the orders of the Court. Given Plaintiffs' history of non-cooperation, beginning with their own counsel's requests, then moving to Defendant's discovery requests, and now with the orders of the Court, the Court also finds that Plaintiffs' failure to comply with discovery has been willful, intentional, and purposeful. Thus, Plaintiffs are individually culpable for their failure to provide basic discovery.

4) *The Court warned Plaintiffs in advance that dismissal would be a likely sanction for their noncompliance.*

Magistrate Judge Smith initially placed Plaintiffs on notice by that their "failure to comply with this [discovery] order may result in dismissal of this action." Doc. No. 66 at 2. After Plaintiffs ignored that order, the Court then ordered Plaintiffs to "attend the pre-trial conference on December 14, 2001 and each Plaintiff should show cause why that Plaintiff's case should not

4

be dismissed with prejudice by reason of a willful failure or refusal to comply with the Federal Rules of Civil Procedure relating to discovery . . . ." Doc. No. 68 1-2. On December 14, 2001, no Plaintiff appeared to defend his or her actions, and the Court has not heard from any Plaintiff in the interim. Again, as in *Ehrenhaus*, Plaintiffs' failure to provide discovery and explain their actions are in "willful and intentional disobedience of two court orders," 965 F.2d at 921, orders that specifically put Plaintiffs on notice that their case could be dismissed with prejudice for failing to act.

   5)  *Lessor sanctions would be ineffective.*

  Given the attempts by Plaintiffs' counsel, Defendant, and the Court to inform Plaintiffs that their case is at stake, lessor sanctions will not work. Plaintiffs' counsel informed them that if their behavior did not improve counsel would be forced to withdraw, which he did. Defendant then attempted to resolve the discovery dispute without the assistance of the Court, which also failed. In fact, Plaintiffs even failed to respond to Defendant's motion to compel discovery. Doc. No. 66. When Magistrate Judge Smith ordered Plaintiffs to comply with discovery, Plaintiffs ignored the order by failing to acknowledge Defendant's deposition scheduled for November 14, 2001. When this Court ordered Plaintiffs to show cause why the case should not be dismissed, they again ignored the Court's order. Given Plaintiffs' indifference to the Federal Rules of Civil Procedure, Judge Smith's order, and the order of this Court, it is evident that sanctions short of dismissal will have no effect on Plaintiffs.

  The Court is mindful that Plaintiffs are pro se. *Ehrenhaus*, 695 F.2d at 920. However, this is not a case where a pro se party is losing the right to access to the Court over some technical discovery violation. *Id*. With all the advice from counsel, input from Defendant, and

notification from the Court, Plaintiffs have been fairly appraised about the ramifications their behavior will have on the outcome of this case. Given that Plaintiffs were well aware of the import of their actions, their refusal to participate in discovery can be considered only as willful misconduct. Therefore, the Court holds that dismissal with prejudice is the appropriate sanction in this case. *See* Fed .R. Civ. Pro. 37(b)(2)(C); *see also Erhenhaus*, 695 F.2d at 920.

IT IS THEREFORE ORDERED that the claims asserted in Plaintiffs' complaint, either individually or collectively, will be dismissed with prejudice for (1) failing to comply with the Federal Rules of Civil Procedure, *see* Doc. No. 66, (2) failing to comply with an order of the Magistrate Judge Smith requiring Plaintiffs to cooperate with Defendant's reasonable discovery requests, *see* Letter from Ms. Martinez, Ass. U.S. Att'y, to the Ct. of December 4, 2001, and (3) for failing to comply with an order of this Court requiring Plaintiffs to appear and show cause why their respective cases should not be dismissed with prejudice, *see* Doc. No. 68.

_____
CHIEF UNITED STATES DISTRICT JUDGE